# United States District Court
Northern District of Texas Dallas Division

| | |
|---|---|
| UNITED STATES OF AMERICA § | JUDGMENT IN A CRIMINAL CASE |
| § | |
| v. § | |
| § | Case Number: **3:15-CR-00532-K (01)** |
| **JENNIFER LYNN DOUGHERTY** § | USM Number: **50171-177** |
| § | |
| § | **Douglas A Morris** |
| § | Defendant's Attorney |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **To the 3 Count Indictment, filed on November 18, 2015.** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | | | **Offense Ended** | **Count** |
|---|---|---|---|---|
| 18 USC § 2423(b) | - | Travel With Intent To Engage In Criminal Sexual Activity | 08/11/2015 | 1 |
| 18 USC § 2423(b) | - | Travel With Intent To Engage In Criminal Sexual Activity | 09/12/2015 | 2 |
| 18 USC § 2423(a) | - | Transportation Of A Minor With Intent To Engage In Criminal Sexual Activity | 09/14/2015 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☐   Count(s)    ☐ is    ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 30, 2016**
Date of Imposition of Judgment

*Ed Kinkeade*
Signature of Judge

**Ed Kinkeade, United States District Judge**
Name and Title of Judge

**March 31, 2016**
Date

DEFENDANT:      JENNIFER LYNN DOUGHERTY
CASE NUMBER:    3:15-CR-00532-K(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**ONE HUNDRED-TWENTY (120) Months. This term consists of 120 Months on each of Counts 1, 2, and 3, with said terms to run concurrently, for a Total Aggregate Term of 120 Months. Further, this sentence shall run concurrently with any sentence imposed in the pending state criminal charges for Sexual Assault of a Child, Case Nos. F-1524580 and F-1524634, currently pending in the Dallas County Criminal District Court 1; and the pending state criminal charges for Harboring a Runaway, Case No. MA1525015, pending in the Dallas County Criminal Court of Appeals 2.**

**The defendant shall receive credit for time served in federal custody, prior to sentencing.**

☒   The court makes the following recommendations to the Bureau of Prisons:
    **The Court recommends that the defendant be incarcerated at FCI Waseca, Waseca, Minnesota, or any Bureau of Prisons facility for women closest to Janesville, Wisconsin. Further, the Court recommends that the defendant be allowed to participate in the Residential Institutional Drug Treatment Program, or ANY drug treatment program offered by the Bureau of Prisons, if eligible.**

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____    ☐   a.m.    ☐   p.m.    on _____

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


    Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


                                                                                UNITED STATES MARSHAL

                                                                                By
                                                                                DEPUTY UNITED STATES MARSHAL

DEFENDANT:         JENNIFER LYNN DOUGHERTY
CASE NUMBER:       3:15-CR-00532-K(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **SEVEN (7) years. This term consists of 7 years on each of Counts 1 through 3, with said terms to run concurrently, for a Total Aggregate Term of 7 Years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*
- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:            JENNIFER LYNN DOUGHERTY
CASE NUMBER:          3:15-CR-00532-K(1)

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.**

**The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.**

**Without prior permission from the Court or probation officer, the defendant shall have no unsupervised communication or contact with persons under the age of 18; the defendant shall not be at or near places where minors congregate, nor shall the defendant create an opportunity for minors to congregate; the defendant shall not be employed or be a volunteer at places where minors congregate; and the defendant shall not date or befriend someone who has minors.**

**The defendant shall neither possess nor have under her control any sexually oriented, or sexually stimulating materials of adults or children. This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.**

**The defendant shall have no contact with any victim of this offense, including by correspondence, telephone, or communication through third parties, except under circumstances approved in advance by the probation officer. The defendant shall not enter onto the premises, travel past, or loiter near any victim's residence, place of employment, or other places frequented by the victim.**

**Pursuant to the Sex Offender Registration and Notification Act (SORNA) (42 U.S.C. § 16901, et seq.), the defendant shall register, and keep the registration current, with state and local law enforcement, as directed by the probation officer, in each jurisdiction where the defendant resides, is employed, or is a student. The defendant shall, no later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least one of the jurisdictions and inform that jurisdiction of all changes in the information required in the sex**

DEFENDANT:           JENNIFER LYNN DOUGHERTY
CASE NUMBER:         3:15-CR-00532-K(1)

offender registry. The defendant shall also initially register in the jurisdiction in which the defendant was convicted if such jurisdiction is different from the jurisdiction of residence. Initial registration shall occur before completion of the sentence of imprisonment with respect to the offense giving rise to the registration requirement. The defendant shall provide to the appropriate official all information required in accordance with SORNA guidelines and additional state-specific regulations for inclusion in the sex offender registry. The defendant shall provide written verification of registration to the probation officer within 3 business days following registration. This registration shall be renewed as required by the defendant's assigned tier.

The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision.

The defendant shall submit to periodic, unannounced examinations of her computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

The defendant shall not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer.

The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

DEFENDANT:            JENNIFER LYNN DOUGHERTY
CASE NUMBER:          3:15-CR-00532-K(1)

**The defendant shall not use any computer or computer-related equipment owned by her employer except for the strict benefit of her employer in the performance of her job-related duties.**

**The defendant shall provide the probation officer with accurate information about her entire computer system. The defendant's email shall only be accessed through a pre-approved application.**

**Without prior permission from the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., MySpace.com, Facebook.com, Adultfriendfinder.com, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.**

**The defendant shall not use or possess any gaming consoles (including, but not limited to, Xbox, PlayStation, Nintendo), or devices without prior permission from the probation officer.**

**Without prior permission from the probation officer, the defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.**

**The defendant shall not access any service or use any software that allows for direct peer-to-peer contact which may include chat rooms, file sharing, or other similar activity without permission from the probation officer.**

**The defendant shall not use or own any device that allows Internet access other than authorized by the probation officer. This includes, but is not limited to, PDA's, electronic games, and cellular/digital telephones.**

DEFENDANT: JENNIFER LYNN DOUGHERTY
CASE NUMBER: 3:15-CR-00532-K(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $300.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the     ☐ fine          ☐ restitution

　　☐ the interest requirement for the              ☐ fine          ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JENNIFER LYNN DOUGHERTY
CASE NUMBER: 3:15-CR-00532-K(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant shall pay to the United States a special assessment of $300.00 for Counts 1, 2 and 3 which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on her restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**Pursuant to 21 USC § 2428(a) the following property is forfeited to the United States: (1) Apple iPhone 5, Serial Number FFMNJ4HMG07M, and (2) Apple iPhone 4, Serial Number DQJJC3XSDP0N.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.